# Russell *v.* Russell.

*Bill in Equity by Claimant of Insurance Fund.*

1. *Children; meaning of word.*—The word *children*, in its ordinary and legal signification, does not include grand-children, unless a clear intention to include them can be fairly collected from the terms of the instrument in which the word is used.

2. *Policy of life-insurance; parol evidence explaining word 'children,' as beneficiaries.*—A policy of life-insurance is not more open to variation by parol evidence, than any other written instrument; and where the beneficiaries are therein described as the *children* of the assured, parol evidence can not be received to show that a grand-child was intended to be included.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 2d January, 1878, by George A. Russell, a minor, who sued by his next friend, and who was a grandson of George W. Russell, deceased, against the widow and children of said decedent, and also against the Mobile Life Insurance Company; and sought a decree declaring the complainant was entitled to share in the benefits of a policy which the decedent had effected on his own life, in favor of his wife, "Mrs. Margaret Russell, and children." The chancellor sustained a demurrer to the bill, at the instance of the widow and children, and dismissed it; and his decree is now assigned as error.

HERNDON & SMITH, for appellant.

JNO. T. TAYLOR, *contra.*   (No briefs on file.)

BRICKELL, C. J.—The word *children*, in its ordinary and legal signification, comprehends only immediate offspring, unless a clear intention to use it in a larger sense can be fairly collected from the instrument in which it is employed. In *Continental Life Insurance Company v. Webb*, 54 Ala. 688, we held, that when employed in a policy of life-insurance, taken by a parent on his own life, to designate the beneficiaries to whom the insurance money was payable, it embraced only immediate offspring, and not grand-children, or lineal descendants remoter in degree, there being no words in the policy which ought to deflect it from its ordinary signification. A policy of life-insurance is not more open to variation

by parol evidence, than other written instruments. The intention of the parties must be collected from the writings to which their stipulations and agreements may be reduced. It was not permissible by parol evidence to show that the insured intended that the appellant, a grand-child, should share with the children in the insurance money. The policy could not be thus varied from its legal meaning and operation.

The decree is affirmed.