# Collins, Guard'n, *v.* Toomer *et al.* Ex'rs.

*Final Settlement of Accounts of Executors.*

*Construction of will.*—A testator, by the first clause of his will, after having bequeathed and devised all his estate, real and personal, to his six children, to be divided between them equally when the youngest shall have become of age, provides as follows: " And in case either or any of my children shall die before my estate shall be divided, then it is my will, that the share of such child or children shall be divided equally between the survivors, when partition is made, providing always, that the child or children of such deceased children shall be entitled to their parent's share." By the second clause of the will, he provides as follows: "I desire that my children shall be supported and educated by the rents, issues and profits of my estate, while it shall be kept together, and I wish that my friend T. shall attend to and manage my domicil for the benefit of my family, and that my executors shall make him such compensation as they may think right and proper for his services. It is my particular request that my young children shall be educated, and that their tuition be paid, as I have said, out of the profits of my estate." A daughter of the testator, after his death, and before the period of division, married and died, leaving a child. On final settlement by the executors, this child, by his guardian, claimed an account for maintenance and education, after the death of his mother, equal to that which, during the same time, had been allowed to the surviving children of the testator. *Held*,

1. That by the second clause of the will the testator provides solely for the support and education of the testator's own children, the children designated by name in the first clause, constituting his *family*, for whose benefit his domicil was to be attended to and managed by his friend, during the minority of his youngest child; and not for the support and education of a child of a deceased child.

2. That under the will, the executors are charged with the duty of maintaining and educating the children of the testator, and they are not

VOL. LXIX.

[Collins, Guardian, v. Toomer et al. Ex'rs.]

clothed with a power of appointing or disposing of any property to or among them.

APPEAL from Mobile Probate Court.

Tried before Hon PRICE WILLIAMS, JR.

In the matter of the final settlement of the accounts of Edward T. Toomer and John C. Chamberlain, as the executors of the last will and testament of B. C. Gallup, deceased. The facts are stated in the opinion.

BOYLES, FAITH & CLOUD, for appellant, cited 43 Md. R. 307; 78 Penn. St. 40; 50 Miss. 15; 13 New Hamp. 521; Code of 1876, § 2216.

HERNDON, CROOM & LEWIS, contra, cited 2 Jarman on Wills, 690; Continental Life Ins. Co. v. Webb, 54 Ala. 699; Russell v. Russell, 64 Ala. 500; McGuire v. Westmoreland, 36 Ala. 594; 2 Sugden on Powers, chap. xv.

BRICKELL, C. J.—By the first clause or paragraph of the will of Benjamin C. Gallup, there is a general bequest and devise of all the estate, real and personal, of the testator remaining after the payment of debts, to his six children, to be divided between them equally. The period of division was postponed until the youngest child became of age. The conclusion of the clause is in these words: "And in case either or any of my children shall die before my estate shall be divided, then, it is my will, that the share of such child or children, shall be divided equally between the survivors, when partition is made, providing always, that the child or children of such deceased children shall be entitled to their parent's share. I have already advanced to my daughter, Mary Francis Heirs and her husband, about two thousand dollars, and I desire that this advance, without interest, shall be deducted from her share, when division is made." The second clause or paragraph of the will, is in these words: "I desire that my children shall be supported and educated by the rents, issues and profits of my estate, while it shall be kept together, and I wish that my friend, Edward T. Toomer, shall attend to and manage my domicil for the benefit of my family, and that my executors shall make him such compensation as they may think right and proper for his services. It is my particular request, that my young children shall be educated, and that their tuition be paid, as I have said, out of the profits of my estate." The daughter of the testator, Eugenia, after his death, married and died before the period of division, leaving a child, of whom the appellant, Collins, is guardian. The period for the division of the

estate having arrived, on the final settlement of the administration of the executors, in the Court of Probate, the appellant for his ward, claimed an account for maintenance and education, after the death of her mother, equal to that which, during the same time, had been allowed to the surviving children of the testator. The claim was disallowed by the Court of Probate.

The first clause or paragraph of the will, having in terms limited over to the child or children of either of the children of the testator dying before the partition of the estate, the share of the estate to which the deceased parent would have been entitled, if living, the claim of the appellant rests upon the proposition, that such child or children, on the death of the parent, becomes entitled to the support and education during the period the estate is required to be kept together, to which, if living, the parent would have been entitled under the second clause of the will. In other words, that on the death of either of the children of the testator before the appointed period of division of the estate, leaving a child or children, such child or children is substituted to the place of the deceased parent, taking all the rights and benefits to which the parent was entitled. The will does not seem capable of this construction. The second clause of the will is framed and expressed solely to provide for the support and education of the testator's own children, the children designated by name in the first clause, constituting his *family*, for whose benefit the testator's domicil was to be attended to, and managed by his friend Toomer, during the minority of the youngest child. For most purposes, a will is regarded as speaking from the death of the testator. This is particularly true, in reference to gifts to classes or fluctuating bodies of persons; as to children, descendants or next of kin, which are applied to persons answering the description at the death of the testator.—1 Jarman on Wills, 391. The gift in this clause is direct and immediate to the (*my* is the word of the clause) children of the testator—the children he had designated by name in the first clause. The repetition of their names in the clause would not have rendered it clearer than it is now, that it is for their support and education, and for their support and education only, he intended to provide. The gift is not to a class, but to persons designated by name, bearing to the testator the relation of children, and its diversion to other purposes is as unauthorized, as the diversion of a gift to A, from A to B.

The first clause designates not only the time when the limitation over to the child or children of a deceased child shall take effect, but the particular interest such child or children may take. The period at which the limitation over takes effect, is the partition or division of the estate, and the interest is the

share of the estate the parent would then have taken if living. The parent, if living, would not then have taken, or been entitled to maintenance or education, and the child or children surviving could not take that to which the parent was not entitled. The intention of the testator is manifest, expressed in unambiguous language. His estate is to be kept together during the minority of his youngest child, and during that period, his children whom he designates by names, are to be supported and educated from the rents and income. When the youngest child becomes of age, a division of the estate is to be made, and then, if any child has died leaving a child or children, such child or children, shall on the division, and not before, represent, stand in the place of, and take the share of the deceased parent. This intention is too clear for doubt or argument.

The executors are charged with the duty of maintaining and educating the children. They are not clothed with a power of appointing or disposing of any property to, or among them. Powers were by the common law subjected to a strict construction, and in some instances, the construction was so rigid it approached harshness. It was settled that a power to appoint to *children*, would not authorize an appointment to grandchildren or to lineal descendants of remoter degree than immediate offspring.—4 Kent 345. The statute to which we are referred (Code of 1876, § 2216), works a change of this rule of the common law, and permits the exercise of a power of appointment not restricted to particular children, in favor of grandchildren. The statute can have no application, for the executors are not clothed with a power of appointment, but charged with a duty, and the duty is restricted to particular children, not to a class of persons taking by that denomination. The duty is essentially different from, and has no property or quality in common with a power. We find no error in the record, and the decree of the Court of Probate is affirmed.