# Russell *v.* Wright.

*Action on Promissory Note.*

1. *Want of consideration in note sued on.*—Where a testatrix bequeathes property to her brother's and sisters's children, and the executor gives his note to a grand nephew of the testatrix in payment or extinguishment of his right as a legatee under the will, said payee not being one of the testatrix's brother's or sister's children, the note is without consideration, and its payment cannot be enforced.

APPEAL from Macon Circuit Court.

Tried before the Hon. JAMES R. DOWDELL.

[Russell v. Wright.]

Mary Ellington died leaving a will devising an half interest in a certain plantation in Macon county to be sold and the proceeds to be equally divided among her *brother's and sister's children.* Her brother, James M. Tarpley was appointed the executor of her will. Henry Wright, the plaintiff, who brings this suit, is the son of one who was the son of one of the brothers of said testatrix, or grand-nephew of testatrix, and claimed that he was a legatee under said clause of Mrs. Mary Ellington; and, there appearing to the executor to be some doubt about the construction of said clause, he gave the note sued on in this case in satisfaction of said Wright's claim or interest. Tarpley died, and this action is against M. S. Russell as his administrator. The defence is a want of consideration. On the trial, the will of Mrs. Mary Ellington was put in evidence by the defendant, and Wright's relationship to said testatrix was shown—and the consideration of the note proved. The note sued on was in evidence. The plaintiff asked the following charges, which were in writing: (1.) "If the jury believe from the evidence that J. M. Tarpley gave his note for the settlement of a claim of Henry J. Wright, in compromise of a claim which said Wright was urging against the estate of Mrs. Ellington, although said claim was doubtful, there was a valid consideration of the note, and the plaintiff can recover." (2.) "If the jury believe from the evidence that the plaintiff was asserting a claim to an interest in the estate of Mrs. Ellington under the terms of her will, and Mr. Tarpley executed the note in settlement of that claim, then they must find for the plaintiff, notwithstanding the claim was decided by the courts to be doubtful." The court gave these charges, and the defendant separately excepted. The defendant asked the general charge for the defendant, which the court refused. The refusal to give this charge, and the giving of the charges for plaintiff, are here assigned as error.

S. B. PAINE, for appellant.—1. Appellee was not one of the heirs or legatees of Mrs. Ellington, and the assumption of a supposed liability which in truth has no foundation in fact is not a sufficient consideration for a promise.—*Watson v. Reynolds,* 54 Ala. 191; 46 Ala. 297; 45 Ala. 134; 25 Ala. 320; 26 Ala. 410. (2.) Where there is no liability there is no consideration for a promise.—*Holt v. Robinson,* 21 Ala. 110; 1 Brick. Dig. 282. The claim of Wright had no element of doubt; nor could an agreement or compromise, if any, create a consideration where none existed.

W. F. FOSTER, for appellee.—1. The defendant's pleas not appearing in the record elsewhere than in the bill of exceptions, cannot be considered by this court. The only plea being, then, the general issue.—Code, § 2769; *May v. Sharpe*, 49 Ala. 140; *Mudge v. Treat*, 57 Ala. 1; 53 Ala. 641; 92 Ala. 616; 77 Ala. 544. 2. The doubt arising from the construction of Mrs. Ellington's will in regard to the devise to her brother's and sister's children; whether it included the grand-children of her brothers and sister whose parents were dead at the time of her death, furnished a basis for a compromise of Wright's claim which constituted a sufficient consideration for the note sued on.—*Bozeman v. Rushing*, 51 Ala. 529; *Maul v. Vaughan*, 45 Ala. 141; *Nixon v. Hetherington*, 57 Ala. 165; 29 Ala. 233; 31 Ala. 428; Bishop on Contracts, 204. As to consideration of will: *Scott v. Nelson*, 3rd Part. 452; 36 Ala. 594; *Taylor v. Harwell*, 65 Ala. 1.

HARALSON, J.—This suit is against the administrator of J. M. Tarpley, on a promisssry note executed by him to the plaintiff on January 24, 1889, for $50.

The plea was want of consideration, in that Tarpley, being the executor of Mrs. Ellington, executed the note under the mistaken belief and impression, that the plaintiff, appellee here, was entitled to the amount of said note, because of his being one of the "heirs" (legatees) of Mrs. Ellington, under a clause in her will, by which she gave certain legacies to her "brothers' and sisters' children," which will was duly probated, and is set out in the record; and defendant denied that plaintiff was one of the testator's brothers' or sisters' children, to whom said bequest was made, and that this being the only consideration upon which said note was executed, he pleaded want of consideration.

The only proof of plaintiff's relationship to the testatrix was his admission, that said note was executed by Tarpley for plaintiff's interest in the Ellington estate, under said will, and that his father was one of the children of a brother of Mrs. Ellington, and died before the testatrix did, leaving him (plaintiff) and a son, brother of plaintiff.

It was further shown, that $100 was about what would be coming to plaintiff under said will, if he was entitled to anything thereunder, that his claim had been urged as a proper charge against the Ellington estate, as his legacy under the will, and upon final settlement of the said estate in the probate court, it had been rejected by the court. There was also evidence, as the bill of exceptions states,

tending to show, that there was a compromise of plaintiff's claim against said estate, and said Tarpley bought it from plaintiff, and gave him the note sued on for it.

There was a judgment in the court below for the plaintiff, for the note and interest, and the defendant brings this appeal to reverse that judgment.

The plea of want of consideration no where appears in the record, otherwise than in the bill of exceptions, and, it is insisted by the appellee, that it can not be considered by us as a part of the record, and that, therefore, we will be remitted, in one view of the case, to consider the plea of the general issue alone, as being before us. The record shows two pleas, one, non-assumpsit, and the other a special plea of want of consideration, and both apparently pleaded together. They appear together in the record, signed by defendant's attorney at the foot of the last one. There is no date of the filing of either. The judgment entry recites that issue was joined. The trial was had on the special plea of want of consideration. We will therefore consider the plea, on this appeal, as if all formalities of pleading it, had been fully observed.—*R. & D. R. R. Co. v. Farmer*, 97 Ala. 141; *K. C., M. & B. R. R. Co. v. Burton*, *Ib.* 240; *Tenn. C. I. & R. Co. v. Hayes*, *Ib.* 201.

Let us consider the only question in the case: Was this note supported by any consideration?

The general rule is, that a promise, verbal or written, to pay the debt of another, must be founded on a precedent liability or a new consideration, or it will not support an action." But, if the original debtor is discharged by the agreement of the parties, and the obligation of a third person is substituted for the discharged debtor, and a new debt is created binding alone on the promissor, the promise is supported by a valuable consideration, and will be enforced. *Doss v. Peterson*, 82 Ala. 253; *Thornton v. Guice*, 73 Ala. 322; *Underwood v. Lovelace*, 61 Ala. 157. But these, and many other similar cases, which might be cited, all proceed on the predicate of the existence of a valid debt in the first instance, for which the substituted debt is given, and which is discharged by it. If, in fact, no debt existed in the beginning, and there was no element either of benefit to the promissor or of detriment to the promissee, the promise is inoperative.

Approaching this case still closer, we are to consider whether there was any debt or consideration to support the alleged compromise and settlement of the plaintiff's claim to share as a legatee under the will of Mrs. Ellington.

This court held in *Bozeman v. Rushing*, 51 Ala. 530, that the giving up of a suit, or any equivalent proceeding, instituted to try a question, the legal result of which is doubtful, is a good consideration for a promise to pay a sum of money for an abandonment thereof, but that there must be an actual controversy, of which the issue may be fairly considered by both parties as doubtful. "The assumption of a supposed liability, which has no foundation in law or fact, is not a sufficient consideration for a promise, upon which an action can be maintained."—*Maull v. Vaughn*, 45 Ala. 141; *Prater v. Miller*, 25 Ala. 320, where an heir at law, threatened to contest her father's will, and the devisees promised, in consideration that she would not do so, to pay her a certain sum, but it was not shown that there was any ground on which to base a contest, or to raise a doubt as to the validity of the will, it was held that there was no consideration for the promise. To the same effect is *Stewart v. Bradford*, 26 Ala. 410.

As touching the compromise and settlement of claims, whose validity is afterwards denied, in a late case we said, "The question in this class of cases is, whether there is a consideration to uphold the release, or agreed compromise. The surrender of a mere assertion of claim, or the withdrawal of a threat to sue, when the claim is without legal merit, whether its legal validity is known or not, will not uphold a release, or agreement of compromise." "When a claim is absolutely and clearly unsustainable, at law or in equity, its compromise constitutes no sufficient legal consideration." *Ernst Bros. v. Hollis*, 86 Ala. 513.

Now, what claim did the plaintiff have of being a legatee under the will of Mrs. Ellington? We have held, and it is universally recognized as correct, that the word children in its ordinary and legal signification does not include grand children, unless there is, in the instrument in which the word is used, a clear intention to include them.—*Russell v. Russell*, 64 Ala. 500; *Echols v. Jordon*, 39 Ala. 31; Am. & Eng. Encyc. of Law, 231, and note.

The language of the will, under which the plaintiff proposed to come as a legatee, twice repeated is, "among" or "between" my brothers' and sisters' children," and the proof shows, that plaintiff was not a child of a brother or sister of Mrs. Ellington, but the child of a child of a brother, or the grand nephew of testatrix. He did not answer to the description of the persons to whom legacies were given. He was no more one of them, than any other stanger. He was an intruder, and his claim a mere pretense. It was clearly

and absolutely unsustainable before any court, and therefore furnished no foundation for a compromise or a promise to pay it.

It is contended that this claim, might, possibly, have been sustained by the court, under § 1862 of the Code, which provides, that when a disposition under an appointment or a power is directed to be made to or among the children of any person, without restricting it to any particular children, it may be exercised in favor of the grand children or other descendants of such person, and, under it, such a doubt at least, might have been started, respecting the validity of plaintiff's claim, as would make it, under our decisions, a sufficient consideration for a compromise.

But, it is manifest, the statute has no application to this case, for the executor was not clothed with any powers of appointment, but was charged with a duty and the duty was, restricted to particular children.—*Collins v. Toomer*, 69 Ala. 14.

Applying the foregoing principles to the charges asked by plaintiff, and it is clear they each, under the evidence, asserted incorrect principles, and ought to have been refused, and the general charge requested by defendant, ought to have been given.

Reversed and remanded.