# Thorington *et al.* v. Hall.

*Statutory Action of Ejectment.*

1. *Remainder to class on happening of uncertain event; construction of will.*—A devise of property to testator's widow during her widowhood, to be divided, on her marriage, among herself and the survivor or survivors of three named children, with a power of appointment in her, by will, in case of her death unmarried, to the survivor or survivors of said children, in such proportions as she might deem proper, and in the event of her death, without exercising the power, the estate to go to the survivor or survivors of said children, creates in said named children a vested remainder, subject to be divested, as to any one of them, by his death before the falling in of the preceding estate of the widow, and as to all of them by the exercise in the prescribed manner of the power of appointment conferred upon the widow by the will; or, it may be, subject to divestiture as to a one-fourth part of the estate by her marriage.

2. *Same; validity of agreement between remaindermen changing the terms of the will.*—Under such a will each of the three named children having a vested remainder in the land, it was competent for them to stipulate among themselves against the divestiture of that estate as to any one or more of them by their deaths, respectively, and an agreement between them that the will of their father may be taken and construed to mean that if either of said named children should die leaving a child or children, then, in that event said child or children shall take the same share and interest in the testator's said estate as it or their deceased parent would have taken had he lived, has the effect of eliminating from the will all reference to the "survivors or survivor" of the three named children; and under such an agreement upon the death of either of said children, his remainder in fee in the land vests at once in his heirs at law, for the recovery of which they can maintain ejectment.

3. *Exercise of power of appointment under will; when invalid; effect of statute.*—At common law, a power of appointment in favor of certain named children of the testator could not be exercised by the appointment in favor of grandchildren of the testator; and the statute (Code, § 1862) does not change the rule, when, under the will, the power of appointment is restricted to particular children of the testator by name.

[Thorington *et al.* v. Hall.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment, brought by the appellants, J. Winter Thorington, Bessie M. Thorington and Jack Thorington, against the appellee, Bolling Hall, and sought to recover possession of an undivided one-third interest in certain specifically described lands.

Issue was joined on the plea of not guilty. The cause was tried by the court on an agreed statement of facts, which was, so far as is necessary to an understanding of this appeal, as follows :

Jack Thorington, Sr., ancestor of the plaintiffs, died in 1871 seized and possessed in fee of the land sued for, and left surviving him his widow, Mary L. Thorington, and his three sons, Robt. D., Jack and William S. Thorington. Robert died after his father and before the death of his mother, and the plaintiffs are the only children and heirs at law of said Robert D. Jack Thorington, Sr., left a will which was duly probated. By this will he gave all of his property to his widow for life or widowhood, and made his wife and William S. Thorington executrix and executor thereof. The 6th and 7th items of the will were as follows : "Sixth item. If my wife shall not marry again, it is my will and desire she shall have the power and authority, and she is hereby invested therewith, to dispose of all the estate and property she may have, or die possessed of, or be entitled to, by her will, to our beloved children, Robert D., Jack and William S., and in such shares and proportions to them, or the survivors, and under such safeguards in trust, or otherwise, as under the circumstances then existing she may deem just and wise and best for them ; and in the event of her dying intestate, the said estate and property to be distributed to our said three children equitably, and share and share alike, or to the survivor or survivors of them.

"Item seventh. It is my will and desire that should my wife marry again, that in that event there shall be an immediate division of all my estate into four equitable parts or shares, one of which shares shall be retained by my wife and the three other parts or shares shall be immediately paid over to my said children, Robert D.,

[Thorington *et al.* v. Hall.]

Jack and William S., or the survivors or survivor of said children."

After said will had been probated, Robert D., Jack and William S. Thorington, sons of the testator, all of whom were of age at that time, on August 28, 1881, entered into an agreement in writing, wherein they set forth *in haec verba* the 6th and 7th items of the will of their father, and recited that from declarations made by their father in conversation with them both before and after the making of the will, and also other facts within their knowledge, they were satisfied that said 6th and 7th items, through inadvertence, did not correctly express the will of their father, and that he did not use the words "survivors or survivor" as they appeared in said items in their legal and technical signification, and that he did not intend to use the said words to exclude from sharing in his estate a child or children of such of his sons as might die before the others, leaving a child or children; and there being no doubt in their minds that where the words "survivors or survivor" occurred in said will their father referred to and meant thereby the children or child of which ever of them should die before the others, leaving a child or children, and this agreement then proceeds as follows: "Now in order to remedy said inadvertence and to effectuate the real will of our deceased father as it is understood and known by us, it is hereby covenanted and agreed by and between the undersigned that said will may be taken and construed so that if either the said Robert D., Jack or William S. should die leaving a child or children, that then, in that event, such child or children shall take the same share and interest in our father's estate as its or their deceased father would have taken had he lived. The object and intent of this agreement being to cause said will to have the same legal operation and effect that it would have if the words 'or the survivors' and the words 'or the survivors or survivor of them,' in said sixth item, and the words 'or the survivors or survivor of said children,' in the seventh item were not contained in said will."

Mary L. Thorington, the widow of Jack Thorington, Sr., deceased, took possession of the lands sued for in this action, as a part of the estate of her deceased husband, and continued to hold the same until her death in

[Thorington *et al.* v. Hall.]

1890. Mary L. Thorington left a last will and testa-
ment, which was duly admitted to probate, and the only
items of which that are pertinent to the present appeal
are copied in the opinion.

Upon the death of Mary L., Jack and William S.,
who were appointed executors of her will, took posses-
sion of the land and continued to hold the same until
November 24, 1890, when under a power of sale given
them by the will, they sold and conveyed the lands here
sued for to the defendant, Bolling Hall, and executed to
him a deed thereto. The defendant has since held the
same and received the rents, incomes and profits there-
from.

Upon the introduction of all the evidence, the court
at the request of the defendant gave the general affirma-
tive charge in his behalf, and refused to give a similar
charge in behalf of the plaintiffs requested by them.
There were verdict and judgment for the defendant.
The plaintiffs appeal, and assign as error the rulings of
the court upon the charges requested.

W. A. GUNTER, for appellants.—1. Under the will of
Jack Thorington, his three named children took vested
remainders in the land involved in this controversy.
The canons of construction of wills require such con-
struction to be placed upon the instrument. There was
a general intent in the will to deal justly with the testa-
tor's children. The law favors the vesting of estates,
and this rule will prevail unless there is clear intent to
the contrary.—*Moore v. Lyons*, 25 Wend. 119; 14 N. Y.
Com. Law Rep. 789; *Miller v. Gilbert*, 144 N. Y. 68;
*Savage v. Benham*, 17 Ala. 119; *Farley v. Gilmer*, 12 Ala.
141; *Goodman v. Benham*, 16 Ala. 625; *Thrasher v. In-
gram*, 32 Ala. 645; *McLemore v. McLemore*, 8 Ala. 687.
The estate to the wife is during widowhood. If she
should marry or die at any moment, there is an immedi-
ate right of possession and the interest thus is vested
from the death of the testator in the respective children
surviving him. This quality is the unvarying test of a
vested remainder.—*Doe v. Considine*, 6 Wall. 458;
*Croxall v. Shererd*, 5 Wall. 287; *Kumpe v. Coons*, 63 Ala.
448.

2. Whether the life estate is ended by marriage or
by death must be, in all common sense, the same to the

testator, so far as provisions for his descendants are concerned, and there could be no justice or sense in his making their right to participate in his bounty depend upon, or change with the accident of their father surviving the marriage or death of the widow. Common sense does not force upon us the adoption of the contention that the survivorship referred to. the death or marriage of the widow, but, on the contrary, force us to the more reasonable and decent and benevolent idea that it referred to survivorship· of the testator. And under this construction the estates to the children are vested from the death of the testator subject to be divested or changed by the operation of the power of appointment, duly and properly exercised.—Tiedeman on Real Prop., 401; *Thrasher v. Ingram*, 32 Ala. 45; *Nixon v. Robbins*, 24 Ala. 670; *McArthur v. Scott*, 113 U. S. 379. It matters not to us that the rule, as to the proper construction of the words "survivor or survivors," in a devise of real estate in remainder after a life estate, after being thoroughly settled in England and adopted in this country, and in this State, may have recently been doubted or changed as personal estate in England. We are not bound to repudiate our own decisions and reason and follow the vagaries of men who can insist that, "The argument from the probability that the testator would not intend that the share given to one of a class (as a son or daughter) should be defeated by death before a life tenant, can have no weight."—*Slack v. Bird*, 23 N. J. Eq. 238; 2 Jarman on Wills (Perkins' ed.), 631–640; 3 Jarman on Wills (Ran. & T. ed.), 578.

3. But if it is an entire mistake to suppose that the survivorship in the will refers to the period of the testator's death, instead of the life tenant's death or marriage, the result is the same. In either case the remainder was vested, only in the latter case it stood liable to be divested by death before the marriage or death of the life tenant. And such divestiture was obviated by the agreement between the children eliminating the condition of survivorship. The universal test of a vested remainder is the capacity to take effect in possession should the precedent estate become vacant at any moment, and the not certainty of such possession.—*Kumpe v. Coons*, 63 Ala. 448; *Doe v. Considine*, 6 Wall. 458; *Croxall v. Shererd*, 5 Wall. 288; *Jeffers v. Lampson*, 10

Ohio St. Rep. 102; *Harrison v. Foreman*, 5 Ves. 207; *Sturgess v. Pearson*, 4 Mad. Ch. 411; *Blanchard v. Blanchard*, 1 Allen, 223; *Thrasher v. Ingram*, 32 Ala. 667.

4. It remains to consider the power in the will of Jack Thorington, given to the widow to apportion by will the estate in remainder between the three sons or "the survivors," and the sale made by the executors of the widow. It is perfectly well settled that where there is a gift over in default of the appointment, as there was here, those taking in default of appointment take in all respects as if there was no power, but subject to have their interest divested by the exercise of the power. *Lambert v. Thwaites*, L. Rep. 2 Eq. Cas. 151; 2 Lead. Cas. in Eq. Part 2, p. 969; 1 Perry on Trusts, § 258; 1 Roper on Legacies, p. 629; *In re Kenyon*, 20 Atl. Rep. 294; *Hawley v. James*, 5 Paige, 318; *Scofield v. Olcott*, 11 N. E. Rep. 351; *Rhodes v. Shaw*, 11 Atl. Rep. 116; 2 Sug. on Powers, 4. The mere existence of the power to apportion the shares among the children, or the survivors, then, reposed in the widow, did not in any respect affect the limitations over in default of such apportionment.

5. It will be observed that the authority of the widow is to be exercised in favor of the three named children, or the survivors, and it must be done by will. The power could not be exercised in favor of grandchildren, and could only be in favor of those children surviving the widow, since the instrument of appointment was to be by will of the life tenant.—*Hetzel v. Barber*, 69 N. Y. 13; *Smyth v. Taylor*, 21 Ill. 296; *Lambert v. Thwaites*, L. R. 2 Eq. 152; *Bristow v. Warde*, 2 Ves. Jr. 348; 14 U. S. Dig, 328, § 1858. The death of R. D. Thorington, one of the named children, in the life time of Mary L., the life tenant, took away any power to appoint to appellants, who were grandchildren of the testator. If the widow had any power it was impossible for her to exercise it, after the death of R. D. Thorington, except in favor of the two surviving children, and there is no pretense that she did this. It is evident, moreover, that the widow not only did not have any power to appoint to the appellants any portion of the estate of Jack Thorington, deceased, since they are not children of the testator, but that she did not attempt anything of the sort. In the 7th item, she merely refers to the agreement between the

[Thorington *et al.* v. Hall.]

children concerning the construction of the will of her
husband and approves it. The intention to execute a
power must be apparent and clear, so that the transac-
tion is not fairly susceptible of any other interpretation.
2 Story's Eq. 1062, and note; *Matthews v. McDade*, 72
Ala. 377; *McRea v. McDonald*, 57 Ala. 423.

TROY & WATTS, *contra*.—1. Robert D. Thoring-
ton took under the will of his father a contingent re-
mainder, and he having died before the happening of
the contingency, the legal estate did not pass from him
to the plaintiffs who claim as his heirs at law.—*Travis v.
Morrison*, 28 Ala. 494; *Phinizy v. Foster*, 90 Ala. 262;
Fearne on Remainders (ed. 1845), 140; 3 Jarman on
Wills, Chap. 47; 4 Kent 345; *Collins v. Toomer*, 69 Ala.
14; 2 Sugden on Powers, 253; *McGuire v. Westmoreland*
36 Ala. 594.

2. The power of appointment given to the widow
under the will of Jack Thorington was amongst their
children. The children are named, but there is no re-
striction to any particular children. Hence, in exercising
the power of appointment, the widow was authorized to
include the plaintiffs. The power of appointment given
in the will of Jack Thorington, if it be referred to the
children living at his death, is not restricted to any par-
ticular children, other than those living at his death;
the three children, Robert D., Jack and William S., who
were living at his death were his only children. There-
fore, there was in fact no restriction of the appointment
under the power to any particular children of the testa-
tor; and the donee of the power, under section 1862 of
the Code, was authorized, if she saw proper to include
the grandchildren (Children of Robert D.) amongst
those entitled to share in the disposition made under the
power. If the will is construed as giving a vested re-
mainder on the death of the testator, the only restriction
was to the children then surviving, and these being all
the children of the testator, the case comes clearly
within the evil intended to be remedied by section 1862
of the Code.—Code of 1886, § 1862; *Collins v. Toomer*,
62 Ala. 14.

McCLELLAN, J.—Under the will of Jack Thorington,
Sr., his sons, Robert D., Jack and William S., each took

[Thorington *et al.* v. Hall.]

a vested remainder in the land involved in this case subject to divestiture as to any one of them by his death before the falling in of preceding estate in Mrs. Thorington, and as to all of them by the exercise in the prescribed manner of the power of appointment conferred upon her by said will, and subject also to open and let in Mrs. Thorington, in the event she should marry again; or, it may be, subject to divestiture as to one-fourth part of the estate by her marriage, whereon there was to be a division in equal parts to her and the three named sons severally of the testator.—*Smaw v. Young*, 109 Ala. 528; *Thorington v. Thorington*, *ante* p. 237.

2. Each of the said three sons of the testator having thus a vested estate in this land, it was entirely competent for them to stipulate as among themselves against the divestiture of that estate as to any one or more of them by their deaths, respectively. They did so contract and stipulate by the agreement of August, 1881, whereby it is provided, agreed and covenanted between them, that, as they express it, the said will of their father "may be taken and construed so that if either the said Robert D., Jack or Wm. S. should die leaving a child or children, that then, in that event, such child or children shall take the same share and interest in our father's estate as its or their deceased father would have taken had he lived, the object and intent of this agreement being to cause said will to have the same legal operation and effect that it would have if the words 'or the survivors' and the words 'or the survivors or survivor of them' in the sixth item, and the words, 'or the survivors or survivor of said children' in the seventh item, were not contained in said will." This agreement is expressly referred to, recognized, assented to and adopted in and by the will of Mrs. Thorington; and its effect, for the purposes of the present case, was to eliminate from the will of Jack Thorington, Sr., all reference to the survivors or survivor of his said three sons, so that upon the death of Robert D. Thorington his remainder in fee in the land sued for vested at once in his heirs at law, the plaintiffs in this action.

3. We have left for determination only the question whether the remainder thus vested in the plaintiffs was divested by the exercise of the power of appointment conferred upon Mrs. Thorington by the will of her hus-

band, Jack Thorington, Sr. With the limitation as to survivorship eliminated from said will, in the manner shown above and the assent to and adoption of that elimination by Mrs. Thorington in and by the instrument in which she attempted to exercise the power of appointment—her last will—the power of appointment conferred by the will of Mrs. Thorington is to be taken and read as follows : Item Sixth.—It is my will and desire that my wife shall have the power and authority, and she is hereby invested therewith, to dispose of all the estate and property she may have, or die possessed of, or be entitled to, by her will, to our beloved children, Robert D., Jack and William S., and in such shares and proportions to them, and under such safeguards in trust, or otherwise, as under the circumstances then existing she may deem just and wise and best for them. And the question is whether under a power thus expressed and conferred, it was competent for Mrs. Thorington to appoint said estate to Jack and William S. who survived her, and to the surviving children of Robert D., the latter having died before the execution of Mrs. Thorington's will; as she attempted to do by her last will in the following language : "Item second.—I give, devise and bequeath all property of every kind whatsoever of which I may die seized or possessed or to which I may then be entitled in any manner whatsoever, to my sons, Jack Thorington, Wm. S. Thorington and the children of my deceased son, Robert D. Thorington, viz., Joseph Winter Thorington, Bessie May, and Jack, in the following proportions, towit :

"To my son Jack Thorington, one third part thereof ; to my son William S. Thorington, one third part thereof, and to the said children of my said deceased son Robert D., one third part thereof, in trust, as hereinafter provided."

Confessedly at common law an appointment under this power to grandchildren of the testator—the children of Robert D. Thorington—would be void. But it is insisted that section 1862 of the Code operates in this case to authorize the appointment made by Mrs. Thorington to and among Jack, William S. and the children of Robert D., deceased. That section provides : "When a disposition under an appointment or power is directed to be made to the children of any person, without restricting it to any particular children, it may be exercised in favor

of the grandchildren or other descendants of such person." This section has no application in the present case. The exercise of the power is here restricted to particular children of the testator by name, Robert D., Jack and William S. Thorington. Whether, if it were made to appear that these three named children were all the children of the testator, the statute would apply to the case, we need not decide, since it does not appear upon the abstract that such was the fact. It would seem, however, to be an essential predicate for the operation of the statute that the children should be for appointment to and among children as such and as a class, and that a direction for appointment even to all the children of the testator by name would be such restriction to particular children as would take it out of the influence of the enactment. The case of *Collins v. Toomer, et al.*, 69 Ala. 14, relied on by counsel for appellee, is not only not inconsistent with our conclusion on this matter, but, to the contrary supports it.

It follows from the invalidity of the attempted exercise by Mrs. Thorington of the power of appointment conferred by the will of Jack Thorington, Sr., that the plaintiffs, at her death, took an undivided one-third interest in right of immediate possession and enjoyment in the land sued for and were entitled to recover such interest in this action. The court, therefore, erred in giving the affirmative charge for the defendant.

Reversed and remanded.