# Pierce, *et al. v.* Fulmer.

## *Accounting by Administrator.*·

### (Decided Feb. 2, 1910.   51 South. 728.)

1. *Wills; Construction; Widow; Remainder.*—Section 6166, Code 1907, vests the interest of remaindermen dying pending the life estate in their children, and where the will directed that after the death or marriage of testator's widow, all of the estate on hand at that time should be sold and divided among his children, the widow takes the life estate with a remainder to all of testator's children as a class who were living when testator died, and under the section above cited remaindermen dying pending the life estate had their interest vested in their descendants who took as one of the class.

2. *Same; Representation; Bequest to Children; Right of Grand Children.*—Where the will provided that after the death or marriage of the wife of testator the property remaining should be sold and divided among testator's children share and share alike, such will did not include the children of those children of testator who died before the will was made, since there was no power of appointment in the will but a mere duty of distribution and section 3435, Code 1907, had no application to the end of making such children's children distributees.

3. *Life Estate; Rent.*—Rent follows the reversion and a life tenant is not entitled to the rent for the premises after the determination of the life estate.

4. *Executors and Administrators; Debts of Life Tenant; Payment.*—Where the widow had only a life estate in certain lands belonging to her deceased husband, the administrator de bonis non, cum testamento annexo, of the deceased husband was without authority to apply the rents accruing after the falling in of the life estate, or the proceeds of the sale of the lands to the debts of the widow, her funeral expenses or tombstone, and his use of the money therefor constituted a misappropriation.

5. *Same; Debts That May Be Paid.*—An administrator is entitled to use the funds of an estate to pay the funeral expenses of his decedent, and for a tombstone proportionate to the value of the estate.

APPEAL from the Coosa Probate Court.

Heard before Hon. J. A. CRAWFORD.

Judicial accounting by J. G. Fulmer, as administrator de bonis non with the will annexed, of the estate of Hezekiah Allen, deceased.  From a judgment overruling

[Pierce, et al. v. Fulmer.]

objections of L. C. Pierce and others to the accounting,
the distributees appeal. Reversed and remanded.

It appears from the statement of account that there
were several children of a child born after the death of
the testator, and that each of these were allowed their
part of a child's share in the distribution. It further
appeared that the administrator was allowed a credit of
$100, the amount of rent collected for the year 1906, and
that this credit was allowed on a debt due him from the
life tenant. He was also allowed credit for bills for
medical service and medicine for the life tenant, and
funeral expenses for the life tenant. Another item con-
tested was the allowance of a credit for tombstone
placed over the grave of the testator. The other facts
sufficiently appear in the opinion.

S. P. Darby, for appellant.—The rent of the real es-
tate, the life tenant having died within the first five days
of the year, followed the reversion and was not liable
for the debts of the life tenant.—*Loeb v. Richardson,*
74 Ala. 311; *Lyde v. Taylor,* 17 Ala. 270; *Smith v
Cooper,* 59 Ala. 494; *Mason v. Pate,* 34 Ala. 379. Hav-
ing misappropriated this fund the administrator was
liable for it and for the interest thereon.—*Harrison v.
Harrison,* 39 Ala. 489. The court erred in permitting
the grand-cvhildren to take under the will where
their parents died before the will was made.—
*Vanzant v. Morris,* 25 Ala. 294; *McGuire v. West-
moreland,* 36 Ala. 594; *Continental L. I. Co. v.
Webb,* 54 Ala. 688; *Phinczy v. Forster,* 90 Ala.
265. The bequest was not to individuals but to a
class, and the children of the children who died pend-
ing the life estate were not invested with the interest of
their ancestors by section 6166, Code 1907.—*Young v.
Smaw,* 109 Ala. 528. The will provided against a

remainder and not for a remainder, and in equity the realty became money as soon as the life tenant died.— *Allen v. Watts,* 98 Ala. 384; *Jones v. Jones,* 13 N. J. E. 236; *Massey v. Madawell,* 73 Ala. 425.

J. M. CHILTON, and FELIX L. SMITH, for appellee.— Under the will the assets in the hands of the administrator were not the assets of the estate of Hezekiah Allen.—*Coleman v. Camp,* 36 Ala. 159; *Camp v. Coleman,* 36 Ala. 163, and authorities there cited. The assent to divesting of the life estate was an assent to the legacy in the remainder, and upon the death of the life tenant, the property went to the remaindermen, and not to the personal representatives of the testator.—*Pinney v. Werborn,* 72 Ala. 58; *Hinson v. Williamson,* 74 Ala. 180.

ANDERSON, J.—The testator, Hezekiah Allen, after bequeathing his property to his wife during her life or widowhood, provided further, by section 3 of the will as follows: "After the death or marriage of my said wife Sarah Allen, I desire that all my estate both real, personal or other description on hand at the death or marriage be sold and equally divided among my children share and share alike." It is evident that the will bequeathed a life estate to the wife, subject to her marriage, with a remainder to all of the testator's children, as a class, who were living when the testator died. It was not restricted or limited to any of the children by name or to those who survive the marriage or death of the life tenant, but referred to all of the children then living. It matters not that some of them died before the termination of the life estate, for section 6166, Code 1907, expressly vests their interest in their descendants, and prevents a lapsing of the bequest to them. The present will is unlike the ones considered in the cases of

*Smaw v. Young,* 109 Ala. 528, 20 South. 370, and *Thorington v. Hall, et al.,* 111 Ala. 323-337, 21 South. 335, 56 Am. St. Rep. 54, as the residue after the expiration of the life estate was restricted to the survivor at the time of the death of the life tenant, and here we have no such restriction. We are of the opinion that distribution was properly made so as to include the descendants of those children of the testator who were living when he died, but who died before the termination of the life estate, and who were given such share as their deceased parent would be entitled to if living.

We do not think, however, that the will applied to the children of the testator's children who died before the will was made so as to include them, under the terms of section- 3435, Code 1907, as there was no power of appointment, but a mere duty of distribution.—*Russell v. Wright,* 98 Ala. 652, 13 South. 594; *Collins v. Toomer,* 69 Ala. 14. The trial court erred in ordering a distribution among the descendants of these children of the testator who died before the will was made.

It is an elementary rule of law that the rent follows the reversion, and the estate of a life tenant is not entitled to rent for the premises of the life estate. The proof shows that the land was rented for the year 1906 for $100, which was collected by the respondent and retained by him for a debt claimed against the life tenant. It also appears that the life tenant died January 6. 1906, and upon no theory was her estate entitled to more than an apportionment of the rent for the year 1906, and which would be so insignificant as to make it almost, if not quite, subject to the maxim "de minimis non curat lex." The respondent used this money to pay himself, and was also liable for the interest on same.—*Harrison v. Harrison,* 39 Ala. 489. Nor did the respondent have the right to use any of the proceeds of the sale of the

land in paying any of the debts of the life tenant, not even her burial expenses or tombstone. She had no interest in the property beyond a life estate, and upon no theory could it be used after the death for the payment of any of her obligations, and the act of respondent in doing so was a misappropriation, which not only rendered him liable for the principal, but for interest also. —*Moody v. Hemphill,* 71 Ala. 169.

It is true the will made no provision for the tombstone over the grave of the testator, nor for the burial expenses for that matter, but such expenses would be a lawful charge on his property, and we do not think that the cost of the tombstone for the testator was disproportionate to the value of his estate. Nor can we indorse the contention of counsel that the erection of a modest slab over the grave of the father, the one who produced the property now in question, was but the gratification of the vanity of a child, who continued to reside near the scene of her childhood and the last resting place of her father, merely because the other members of the family had "dispersed and gone to the four winds." Indeed, it seems unnatural that a child or other descendant of Hezekiah Allen should object to paying for a modest tombstone over his grave out of the fruits of his labor, and who was the man from whom they got the property in question.

The respondent should not be charged with interest on the proceeds for the sale of the land other than what was misappropriated by him.

The decree of the probate court is reversed and the cause is remanded in order that the settlement may be made under the rule above stated.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.