124 So.2d 80

**Edna TILLMAN, Ex'x,**

v.

**Ernest L. TILLMAN et al.**

**4 Div. 35.**

Supreme Court of Alabama.

Nov. 3, 1960.

Roy L. Smith, Smith & Smith, and Roy H. Phillips, Phenix City, for appellant.

R. E. L. Cope, Union Springs, for appellees.

STAKELY, Justice.

This is a suit which was filed in the equity court seeking to have certain lands situated in Russell County, Alabama, sold for division. The estates of the appellant, Edna Tillman, and of the appellees, Ernest L. Tillman and others, are determined by the will of Emmett Thomas Tillman, deceased. The bill seeks a construction of this will. The demurrer of the appellant was overruled and this appeal is from that ruling.

The question for decision is whether tenancies in common in the lands exist between the parties and as such can be sold for division before the death or remarriage of the widow, Edna Tillman.

A copy of the will is attached to the bill, marked Exhibit A and made a part thereof. The allegations of the bill show that the appellant Edna Tillman is the widow of the decedent and the appellees are the brothers and sisters (or their descendants) of the decedent. The allegations of the bill further show that the lands described in the bill of complaint belonged to Emmett Thomas Tillman, deceased, who left surviving him his widow Edna Tillman, who is the executrix of the last will and testament of Emmett Thomas Tillman, deceased, under appointment of the Probate Court of Russell County. Nine separate parcels of real estate are described in the bill as the real estate sought to be sold. Expressly excepted from the bill is the house and lot which was the house and lot occupied by Ernest T. Tillman as a place of residence at the time of his death and now occupied by the respondent, Edna Tillman, as a place of residence.

■ Items four and five of the will provide as follows:

"Item IV. I do hereby give, devise and bequeath unto my beloved wife, Edna Jefferies Tillman, one half of the income of my estate so long as she remains unmarried, with the exception of our home where she now resides, that she may use and enjoy the same for the remainder of her natural life, whether married or not; the other one half of the income of my estate for and during the term of the natural life of my wife is to be divided equally between my brothers and sisters in equal parts; share and share alike, per stirpes;

"In the event of the death of my wife or in the event of her remarriage all of my estate of every kind and description consisting of real and personal property wherever situated or located I do hereby give, devise and bequeath to my brothers and sisters in equal parts, share and share alike, per stirpes, in fee simple, with the exception of the home where my wife and I now reside which she may enjoy for the remainder of her natural life, and at her death the same home is to be divided between my brothers and sisters or their heirs at law, per stirpes, in fee simple.

"Item V. I do hereby nominate, constitute and appoint my beloved wife, Edna Jefferies Tillman, the Executrix of this my last Will and Testament."

It is further alleged that all the debts of the decedent have been paid and all cash legacies provided in the will have been paid. It is not alleged in the bill that Mrs. Edna Jefferies Tillman has died or that she has remarried.

■ I. Item IV of the will of Emmett Thomas Tillman, deceased, devised to his wife Edna Jefferies Tillman one-half of the income from his estate so long as she remained unmarried and in the event of her death or in the event of her remarriage, he devised all his real and personal property to his brothers and sisters in equal parts, share and share alike, per stirpes. We consider that this is clearly a devise of a life estate of an undivided one-half interest to the wife, unless sooner terminated by remarriage, with a remainder over to the brothers and sisters of the testator because "a devise of the rents and profits of property real or personal, without limit as to time and without a gift over, carries a fee to the devisee, unless a contrary intention appears." Roberts v. Cleveland, 222 Ala. 256, 132 So. 314, 316; Jordan v. Walker, 201 Ala. 248, 77 So. 838.

Under Item IV of the will the testator also devised the other one-half of the income from his estate for and during the term of the natural life of the wife, to be divided equally between his brothers and sisters, share and share alike, and upon the death or remarriage of the wife, then the same is devised to his brothers and sisters in fee simple. Here there is a devise of the rents and profits for the life of the wife with the remainder over on her death to the same devisees. We consider that the legal effect of these devises is to vest in the brothers and sisters an undivided one-half interest in the testator's lands in fee simple. Authorities supra.

In this connection we should consider whether the remainder to the brothers and sisters is vested or contingent. The authorities on this proposition are reviewed in Springer v. Vickers, 259 Ala. 465, 66 So. 2d 740, 743, from which we quote as follows:

"One of the rules is thus stated in McCurdy v. Garrett, 246 Ala. 128, 129, 19 So.2d 449:

"'"The settled law is that a will speaks from the death of the testator, and that, in the absence of a clear manifestation of the testator's intent to the contrary, estates shall be held to vest at the earliest possible period. The intent to postpone the vesting of

an estate must be clear, and must not arise by mere inference or construction. 'The law will not construe a limitation in a will into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested.' * * *." Duncan v. De Yampert et al., 182 Ala. 528, 62 So. 673, 674.' "

To the same effect see the following cases: Allen v. Maxwell, 249 Ala. 655, 660, 32 So.2d 699; George v. Widemire, 242 Ala. 579, 585, 7 So.2d 269; Pearce v. Pearce, 199 Ala. 491, 496, 74 So. 952.

Furthermore we refer to another apt and familiar rule as stated in Allen v. Maxwell, supra [249 Ala. 655, 32 So.2d 705]; and Duncan v. De Yampert, supra, as follows:

"'* * * "The rule is that where an estate or interest is given in one clause of a will, in clear and decisive terms, the interest so given cannot be taken away or cut down by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate."'"

■ When the will is construed in the light of the rules to which we have referred, we think it evident that the remainder interest vested in the brothers and sisters on the death of the testator. There is no clear manifestation of intention to postpone the vesting of the estate until the death or remarriage of the wife and there is nothing upon which to base such an inference. We might add that there is no problem here as to whether the devise to the brothers and sisters was a devise to specific beneficiaries or to the brothers and sisters as a class. If it was to the brothers and sisters of a class, then the class was determined as of the date of the death of the testator. Insofar as the brothers and sisters are concerned, there are no words of survivorship. In this connection, we note from the will: "I do hereby give, devise and bequeath to my brothers and sisters in equal parts, share and share alike, per stirpes, in fee simple." So far as we have been able to ascertain in cases in which the class was to be determined at a future time, words of survivorship were used or it was clear from the will in its entirety that survivorship was intended. The survivorship should be declared in the will itself, either by the expressed words of the will or by the clear manifestation of the testator's intention. Pierce v. Fulmer, 165 Ala. 344, 51 So. 728; Kimbrough v. Dickinson, 247 Ala. 324, 24 So.2d 424.

The decedent had one brother who preceded him in death and left surviving him children. It appears to be agreed that these children are legally entitled to take the interest of their father under the will.

We have concluded that the will vested an undivided one-half interest in fee simple in the brothers and sisters of the decedent as of the date of the testator's death and a life estate in the widow as to an undivided one-half interest with a vested remainder in the brothers and sisters.

■ It seems to us that the only other question presented is whether it was the intention of the testator that the estate should be kept together for the life of the widow or until her remarriage. To put it differently, is the right to sell postponed until the death or remarriage of the widow? We find nothing in the will to show such an intention. On the contrary, it would have been a simple matter for the testator to have stated that the estate should be kept together. Under Item V of the will, the appellant was simply appointed as Executrix. She is not relieved from giving bond (§ 97, Title 61, Code of 1940) or from making reports. She is given no authority to manage and control the real estate or to collect the rents and

profits or to otherwise manage or utilize the estate.

We think this case should be distinguished from Orr v. Helms, 217 Ala. 603, 117 So. 61. In the case here referred to, words of survivorship are used in the will and the decision is based entirely on the survival provision of the case. The reasoning in the instant case is more in accordance with the case of Hardeman v. Hardeman, 202 Ala. 18, 79 So. 356, although that case went off on the power of sale contained in the will.

■ We consider that the construction placed on the will by the appellee is in keeping with the intention of the testator. Partition and sales for division are permitted to avoid the mischief growing out of assertions by cotenants of their right to be in possession of every part of the land to the harassment of others having the same right. Hamby v. Hamby, 165 Ala. 171, 51 So. 732. The widow and the brothers and sisters of the decedent are undoubtedly tenants in common. See Mizell v. Walley, 253 Ala. 302, 44 So.2d 764.

In conclusion we say that a sale for division does not appear to us to cut down in any manner the gift to the wife. It does not in any manner deprive her of the income devised to her by the testator. On such a sale one-half of the proceeds of the sale can be invested under the direction of the court for the benefit .of the wife for her life and she will receive the full income therefrom. § 189, Title 47, Code of 1940. The intention of the testator is not thwarted as monies are merely substituted for the real estate.

Our conclusion is that there was no error in overruling appellant's demurrer and the decree of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.