EMBRY, Justice.
David T. Pate, Jr., and Laura P. Davis, defendants below, appeal from a decree ordering the sale of real estate for division of proceeds based upon the construction of a provision of the will of R. W Pate, deceased.
On 13 December 1950 R. W. Pate died testate, survived by his wife Maude Pate *545 and nine children. Resolution of this case depends upon the proper construction of the following provision of R. W. Pate’s will:
“After Item No. One of this will is complied with it is my will and I hereby bequeath and devise to my beloved wife Maude Pate all my property both real and personal for and during her natural life or as long as she remain [sic] unmarried. After the death of my said wife or her marriage, it is my will and I hereby direct that all my property, remaining be sold and the proceeds divided equally between my children or their descendents, share and share alike.”
After his death, and the probate of his will, his widow Maude Pate went into, and took possession of, R. W. Pate’s real and personal property. She died in 1979. During the term of her life estate one of the children of R. W. and Maude Pate predeceased his mother and by the terms of his will devised all his property to his widow Ruth Breed Pate.
He was survived by two children: David T. Pate, Jr., and Laura Pate Davis.
The trial court decreed that at R. W. Pate’s death his will made David T. Pate, Sr., the vested owner of an interest in his father’s estate. David T. Pate, Sr., devised this interest to Ruth B. Pate; therefore, David T. Pate, Jr. and Laura Pate Davis were not entitled to take under the provisions of their grandfather’s will.
The issue is whether David Sr.’s interest in his father’s estate was vested upon his father’s death or was contingent upon David Sr.’s surviving his mother’s life estate.
We note a constructional preference for the early vesting of an estate, Brugh v. White, 267 Ala. 575, 103 So.2d 800 (1957), and against a condition of survivorship. See Tillman v. Tillman, 271 Ala. 373, 124 So.2d 80 (1960). Nevertheless, when the language of a will is clear and unambiguous, rules of construction cannot be employed to rewrite that will at variance with the meaning of the language used by the testator. Bradley v. Eskridge, 361 So.2d 100 (Ala.1978).
In the present case, R. W. Pate’s will provided that upon the death of his wife, his property “ * * * be sold and the proceeds divided equally between my children or their descendants, share and share alike.” (Emphasis ours.) The use of the disjunctive “or” in this case indicates the intent to create an alternative or substitutionary devise. George v. Widemire, 242 Ala. 579, 7 So.2d 269 (1942). The question then is: At what time was this alternate or substitute devise intended to vest; at the death of the testator or at the falling in of the prior estate?
In this case, just as in the case of Peck v. Green, 266 Ala. 321, 96 So.2d 169 (1957), the words providing for division of property are the only words in the will importing a gift. That case held that under such circumstances the words indicate the testator’s intention that only those of his children who were alive at the time of division would take indefeasible estates in the property, since only those who answer the description of devisees as given in the will at the time of distribution are to share in the estate. We therefore hold that in the present case no estate vests until the time for distribution (falling in of the prior defeasible life estate), at which time it vests in the surviving children of the testator or their descendants.
The relevant considerations for the determination of this case are fully discussed in George v. Widemire, supra. This court there held that a devise:
“ ‘Third. I bequeath to my four children or their heirs, share and share alike in and to any real or personal property left from my estate at the death of my wife.’ ”,
showed a clear intent to create a contingent remainder. See also Brugh v. White, supra.
In the case of Ebey v. Adams, 135 Ill. 80, 25 N.E. 1013 (1890), the wording of a will to be construed was:
“ * * * ‘upon the death or remarriage of my wife, Minerva, it is my will, and I do so direct, that all my estate, real and *546 personal, shall be sold * * * and the balance of the proceeds of my estate my executors are hereby directed to distribute among my children, or their heirs, to-wit, [naming his six living children,] share and share alike, * *
In that case it was held the testator, by using that language, intended that no interest vested until the death of his widow but on that occurrence the heirs of such children as had predeceased the widow would take the share or portion their ancestors would have taken if living.
For the reasons given, judgment is entered in accord with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, AL-MON and BEATTY, JJ., concur.